FILED
 2009 Aug-05 PM 03:39
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | )    CR 09-B-0048-W |
| | ) |
| **ROGER W. TAYLOR,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant's Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant. (Doc. 17.) Defendant asks the court:

> for an Order requiring the Government to disclose the existence of and to permit counsel to inspect and copy all written, recorded or oral statements of any kind, by whomever made, which the Government will seek to attribute to the Defendant, including, but not limited to, statements by alleged, un-indicted coconspirators, adoptive admissions or any other vicarious utterance of any kind.

(*Id*.) Defendant contends that he is entitled to such an Order based on "[f]undamental fairness and Rule 16 of the Federal Rules of Criminal Procedure." (*Id*.)

Rule 16(a)(1)(A) provides:

> (A) Defendant's Oral Statement. Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

Fed. R. Crim. P. 16(a)(1)(A). However, "[Rule 16] does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an

attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2).

The Eleventh Circuit has held that "Rule 16(a)(1)(A) [of the Federal Rules of Criminal Procedure] does not apply to coconspirator's statements." *United States v. Orr*, 825 F.2d 1537, 1541 (11th Cir. 1987); *see also United States v. Blitch*, Criminal Action No. 5:08-CR-40(HL), 2009 WL 973359, *6 (M.D. Ga. Apr. 9, 2009)("[Defendant] argues that under Rule 16(a)(1), he is entitled to all coconspirator statements because the statements are essentially his own.  This Circuit has flatly rejected this argument.  *See United States v. Orr*, 825 F.2d 1537, 1541 (11th Cir.1987)").  "[N]othing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of coconspirators' statements.  . . .  Any discovery of co-conspirator(s') statements must be pursuant to the Jencks Act, 18 U.S.C. § 3500, or not at all."  *United States v. Carter*, No. CR 305-12, 2007 WL 1430308, *2 (S.D. Ga. May 10, 2007) (citing *United States v. Roberts*, 811 F.2d 257, 259 (4th Cir 1987); *United States v. Jackson*, 757 F.2d 1486, 1493 (4th Cir. 1985)(Wilkinson, J., concurring)).

The Government contends that it has fully complied with the court's Standing Discovery Order, (*see* doc. 6), and it also states that it has provided defendant with "Jenck[s] Act materials, including the grand jury testimonies of witnesses, as well as FBI

302s and memoranda of witness interviews, and witness proffers." (Doc. 44.) Defendant does not dispute the Government's contentions.

Based on the foregoing, defendant's Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant, (doc. 17), is due to be and hereby is **DENIED**.

**DONE**, this 5th day of August, 2009.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE